# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 13-CR-20-LRR |
| vs. | **ORDER** |
| RANDY BELTRAMEA, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is Defendant Randy Beltramea's "Motion to Sever Multiple Counts Against Defendant" ("Motion") (docket no. 44).

## II. RELEVANT PROCEDURAL HISTORY

On August 21, 2013, the government filed a sixteen count Superseding Indictment (docket no. 17) against Defendant. Counts 1 and 2 charge Defendant with committing wire fraud for the purpose of executing and attempting to execute a scheme and artifice to defraud and obtain money by means of false and fraudulent representations and promises in violation of 18 U.S.C. § 1343. The alleged scheme involved Defendant fraudulently obtaining money from his investment clients for the purported purpose of investing in restaurants. Counts 1 and 2 also contain forfeiture allegations.

Count 3 charges Defendant with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). Count 3 also contains forfeiture allegations.

Counts 4 through 6 charge Defendant with knowingly engaging and attempting to engage in monetary transactions in criminally derived property affecting interstate commerce in violation of 18 U.S.C. § 1957. These alleged financial transactions each

involved wire fraud proceeds in excess of $10,000. Counts 4 and 5 also contain forfeiture allegations.

Count 7 charges Defendant with knowingly conducting and attempting to conduct a financial transaction affecting interstate commerce involving the proceeds of a specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(ii) and 18 U.S.C. § 1956(a)(1)(B)(i). Count 7 also contains forfeiture allegations.

Counts 8 through 13 charge Defendant with knowingly making material false statements or reports for the purpose of influencing certain financial institutions in violation of 18 U.S.C. § 1014.

Counts 14 and 15 charge Defendant with willfully failing to file tax returns for calendar years 2009 and 2010 in violation of 26 U.S.C. § 7203.

Count 16 charges Defendant with willfully attempting to evade or defeat the payment of tax in violation of 26 U.S.C. § 7201.

On October 2, 2013, Defendant filed the Motion, which requests that the court sever Counts 1 through 7 from Counts 8 through 16. On October 7, 2013, the government filed a Resistance (docket no. 45). The motion is fully submitted and ready for decision.

### III. ANALYSIS

In his Brief in Support of the Motion (docket no. 44-1), Defendant argues that Counts 1 through 7 were improperly joined with Counts 8 through 16 under Federal Rule of Criminal Procedure 8. Defendant further contends that, even if the charges were properly joined, the court should still order a separate trial under Federal Rule of Criminal Procedure 14.[1]

---

[1] While Defendant makes only a passing reference to Rule 14 in a footnote, the court nonetheless addresses the Rule 14 argument in full as an alternative basis for relief.

## A. Rule 8

"When [a defendant] move[s] to sever, the district court ha[s] to first determine whether joinder [is] proper under Rule 8 of the Federal Rules of Criminal Procedure." *United States v. Reynolds*, 720 F.3d 665, 669 (8th Cir. 2013); *accord United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005); *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995). Under Rule 8, an "indictment or information may charge a defendant in separate counts with [two] or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "'The rules are to be liberally construed in favor of joinder.'" *United States v. Garrett*, 648 F.3d 618, 625 (8th Cir. 2011) (quoting *Ruiz*, 412 F.3d at 886); *see also United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008) ("The rule is broadly construed in favor of joinder to promote the efficient administration of justice.").

Here, Counts 1 through 7 were properly joined with Counts 8 through 16 under Rule 8 because all of the Counts "are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). All the allegations in the Superseding Indictment surround Defendant's deteriorating financial health stemming from his investments in real estate ventures. Specifically, the government alleges that, by the mid 2000s, Defendant was in financial straits with his Castlerock real estate development project after borrowing more than $400,000 from both US Bank and Community Savings Bank ("CSB"). Counts 8 through 13 of the Superseding Indictment allege that, from 2004 through 2009, Defendant then sought extensions on the loans and, in doing so, falsely represented his financial condition to US Bank and CSB. Counts 1 through 3 of the Superseding Indictment allege that, between 2009 and 2010, Defendant fraudulently obtained investments from certain clients and used K.H.'s name and forged signature on one of the promissory notes. Counts 4 through 6 of the Superseding Indictment allege that Defendant

then used these investments in his real estate ventures. Counts 7 and 16 of the Superseding Indictment allege that Defendant opened a bank account in his mother's name to disguise the proceeds of the wire fraud alleged in Count 2 and to defeat the payment of tax. Finally, Counts 14 and 15 of the Superseding Indictment allege that Defendant failed to file tax returns on the taxable income in the form of funds that were fraudulently obtained as detailed in Counts 1 through 3. Based on the foregoing, the court finds that all of the Counts in the Superseding Indictment are "connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). All of the Counts are connected with Defendant's alleged scheme to prop up his real estate investments. Accordingly, Counts 1 through 7 were properly joined with Counts 8 through 16.

### *B. Rule 14*

Even if charges are properly joined under Rule 8, Federal Rule of Criminal Procedure 14 grants the court the discretion to "order separate trials of counts" when the "joinder of offenses . . . in an indictment . . . appears to prejudice a defendant." Fed. R. Crim. P. 14(a); *see also Garrett*, 648 F.3d at 625 ("[A] district court may exercise its discretion and sever the charges if the defendant will be prejudiced by the joinder of the two charges."). The prejudice a defendant would face must be "'severe or compelling.'" *United States v. Kirk*, 528 F.3d 1102, 1108 (8th Cir. 2008) (quoting *Ruiz*, 412 F.3d at 886). "Severe prejudice occurs when a defendant is deprived of 'an appreciable chance for an acquittal,' a chance that defendant 'would have had in a severed trial.'" *Id.* (quoting *United States v. Boyd*, 180 F.3d 967, 982 (8th Cir. 1999)). Further, "a defendant cannot show prejudice when evidence of the joined offense would be properly admissible in a separate trial for the other crime." *United States v. Erickson*, 610 F.3d 1049, 1055 (8th Cir. 2010). "'[T]here is a strong presumption against severing properly joined counts.'" *Garrett*, 648 F.3d at 626 (alteration in original) (quoting *United States v.*

4

*McCarther*, 596 F.3d 438, 442 (8th Cir. 2010)). The burden is on a defendant to establish prejudice. *See id.*; *Darden*, 70 F.3d at 1527.

Here, Defendant has not shown prejudice because evidence from Counts 1 through 7 would be admissible at a trial on Counts 8 through 16 and vice versa. Under Federal Rule of Evidence 404(b), evidence of a person's prior bad acts is inadmissible to show that the person acted in accordance with the person's character, but such evidence is admissible to show motive, plan, knowledge or absence of mistake. Fed. R. Evid. 404(b). As discussed above, Counts 1 through 7 and Counts 8 through 16 are all a part of a common scheme or plan. Thus, evidence for Counts 1 through 7 would be relevant to show Defendant's knowledge, intent and absence of mistake as to Counts 8 through 16, and evidence for Counts 8 through 16 would be relevant to show Defendant's knowledge, intent and absence of mistake as to Counts 1 through 7. *See United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (holding that Federal Rule of Evidence 404(b) allows a court to admit evidence of wrongful conduct when it completes the story of the charged crime). Accordingly, Defendant is unable to show that he would be prejudiced by the joinder of Counts 1 through 7 with Counts 8 through 16.

## IV. CONCLUSION

In light of the foregoing, Defendant's Motion to Sever Multiple Counts Against Defendant (docket no. 44) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 21st day of October, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA